# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATSY MARIE BATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-CV-0805-CVE-FHM ) |
| BOARD OF COUNTY COMMISSIONERS OF MAYES COUNTY and AARON PETERS, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Now before the Court is Defendant Aaron Peters' Motion to Stay (Dkt. # 39) and Plaintiff's Unopposed Motion for Modification of Scheduling Order (Dkt. # 40). Defendant Aaron Peters asks the Court to stay this civil case due to the existence of ongoing criminal proceedings in state court, and he argues that he will be forced to assert his Fifth Amendment right against self-incrimination if plaintiff is permitted to take his deposition. Dkt. # 39, at 3. Plaintiff objects to Peters' motion, because the criminal matter has been pending for over a year and Peters has used this civil case to obtain discovery he could not have obtained in the criminal case. Dkt. # 42. Plaintiff also states that she has had difficulty obtaining a mental health evaluation and expert report within the deadline set in the scheduling order, and she asks the Court to extend all deadlines in the scheduling order by approximately 45 days. Dkt. # 40, at 1-2.

On November 26, 2013, plaintiff filed this case in state court alleging that she was repeatedly raped and sexually assaulted by Peters while she was receiving treatment at the Mayes County Medical Center. Dkt. # 2-2, at 1-2. She alleges that her constitutional rights were violated by Peters and the Board of County Commissioners of Mayes County (the Board). Defendants removed the

case to this Court based on federal question jurisdiction. Dkt. # 2. Before this case was filed, criminal charges stemming from the events alleged in the petition were filed against Peters in Mayes County District Court, and Peters states that he is scheduled to appear for a felony criminal jury sounding docket on December 16, 2014. Dkt. # 39, at 2. Peters has actively participated in discovery in this civil case, and he used civil discovery to gain information about plaintiff's accusations of sexual assault. Dkt. # 42-1. In addition, Peters took plaintiff's deposition and plaintiff's counsel states that Peters' counsel questioned plaintiff for hours about her allegations of sexual assault. Dkt. # 42, at 2. This case is currently set for trial on April 13, 2015, and plaintiff's deadline to identify expert witnesses and exchange expert reports was November 19, 2014. Dkt. # 34.

"When applying for a stay, a party must demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." Ben Ezra, Weinstein, and Company, Inc. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000) (quoting Span-Eng Assocs. v. Weidner, 771 F.2d 464, 468 (10th Cir. 1985)). When a party asserts that a civil case should be stayed due to parallel criminal proceedings, the Tenth Circuit has provided the following guidance as to when a stay of the civil case is appropriate:

> The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1985); SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980). When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. Keating, 45 F.3d at 324. However, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Id. at 326. A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution. Dresser, 628 F.2d at 1375-76.

2

Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1080 (10th Cir. 2009). When faced with this situation, courts have considered the extent to which the civil and criminal cases overlap, the status of the criminal case, prejudice to the plaintiff if the case is stayed, the interests of the defendant, and the interests of the public and the Court. In re CFS-Related Securities Fraud Litigation, 256 F. Supp. 2d 1227, 1236-37 (N.D. Okla. 2003).

Peters argues that plaintiff intends to take his deposition, and he claims that he will be forced to assert his Fifth Amendment right against self-incrimination or make potentially incriminating during his deposition. Dkt. # 39, at 3. However, Peters fails to note that his criminal case has been pending for over a year and that he has actively participated in discovery in this civil matter. Plaintiff now seeks to take his deposition and he believes that he may be forced to invoke his Fifth Amendment rights, but this could have been foreseen from the inception of this civil case and Peters chose to proceed with discovery. Peters has no absolute right to a stay simply because he may feel compelled to invoke his Fifth Amendment right against self-incrimination. Creative Consumer Concepts, Inc., 563 F.3d at 1080. The Court would likely have granted Peters' request to stay this case if he had promptly made such a request, because there is substantial overlap of the issues in the civil and criminal cases, and proceeding with the civil case would require Peters to make potentially incriminating statements or invoke his Fifth Amendment rights. Instead, Peters availed himself of the opportunity to conduct discovery, including taking a deposition of the key witness against him, and he now seeks a stay to shield himself from having to appear at a deposition. Peters has also provided no estimate of when his criminal case is likely to be resolved, and it is unclear how lengthy a stay would be. Under the circumstances, the Court finds that it would not be appropriate to stay

this case due to the existence of a parallel criminal case, and Peters' motion (Dkt. # 39) should be denied.

Plaintiff requests a 45 day extension of all deadlines in the scheduling order because she has had difficulty retaining a mental health expert. Dkt. # 40. Defendants do not oppose plaintiff's request. The Court finds that plaintiff's motion (Dkt. # 40) should be granted, and the Court will enter an amended scheduling order continuing the jury trial of this matter to the June 2015 jury trial docket.

**IT IS THEREFORE ORDERED** that Defendant Aaron Peters' Motion to Stay (Dkt. # 39) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion for Modification of Scheduling Order (Dkt. # 40) is **granted**, and an amended scheduling order will be entered forthwith.

**DATED** this 3rd day of December, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE